Richard A. Smith, WSBA #21788
Katherine E. Brennan, WSBA #51247
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | COMPLAINT |
| ) | |
| KING'S COMMAND FOODS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## I.   INTRODUCTION

1. This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365.  Plaintiff Waste Action Project seeks a declaratory judgment injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for Defendant King's Command Foods, LLC's repeated and ongoing violations of Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, and the terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") permit authorizing discharges of pollutants from Defendant's Kent, Washington facility to navigable waters.

COMPLAINT - 1

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over Plaintiff's claims under Section 505(a) of the CWA, 33 U.S.C. § 1365(a). Sections 309(d) and 505(a) and (d) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a) and (d), authorize the relief Plaintiff requests.

3. Under Section 505 (b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiff notified Defendant of Defendant's violations of the CWA and of Plaintiff's intent to sue under the CWA by letter dated November 2, 2018. A copy of the Notice Letter is attached to this complaint as Exhibit 1. The allegations in the Notice Letter are incorporated herein by this reference. See Exhibit 1. Plaintiff notified the Administrator of the United States Environmental Protection Agency ("USEPA"), the Administrator of USEPA Region 10, and the Director of the Washington Department of Ecology ("Ecology") of its intent to sue Defendant by mailing copies of the Notice Letter to these officials on November 2, 2018.

4. More than sixty days have passed since the notice letter was served and the violations complained of in the notice letter identified *infra* are continuing or are reasonably likely to continue to occur. Defendant is in violation of its NPDES permit and the CWA. Neither the USEPA nor Ecology has commenced any action constituting diligent prosecution to redress these violations.

5. The source of the violations complained of is located in King County, Washington, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), and 28 U.S.C. § 1391(b).

## III. PARTIES

6. Plaintiff, Waste Action Project, is suing on behalf of itself and its member(s).

7. Plaintiff Waste Action Project is a non-profit corporation registered in the State of Washington. Waste Action Project is dedicated to protecting and preserving Puget Sound by tracking down and stopping toxic pollution entering its waters. Plaintiff Waste Action Project is a membership organization and has at least one member who is injured by Defendant's violations.

8. Plaintiff has representational standing to bring this action. Plaintiff's members are reasonably concerned about the effects of discharges of pollutants, including stormwater from Defendant's facility, on aquatic species and wildlife that Plaintiff's members observe, study, and enjoy. Plaintiff's members are further concerned about the effects of discharges from Defendant's facility on human health. In addition, discharges from Defendant's facility lessen Plaintiff's members' aesthetic enjoyment of nearby areas. Plaintiff has members who live, work, fish, and recreate around or use Mill Creek (also known as Springbrook Creek), tributaries thereto, and waters to which the Mill Creek basin is tributary, the Black River, Duwamish River, Elliott Bay, Puget Sound, and near Defendant's facility. These members are affected by Defendant's discharges. As a result of the excess discharge of pollutants, Plaintiff's members use these areas less than they otherwise would, and these areas' uses are impaired. Plaintiff's members' concerns about the effects of Defendant's discharges are aggravated by Defendant's failure to record and timely report information about its discharges and pollution controls. The recreational, scientific, economic, aesthetic and/or health interest of Plaintiff and its members have been, are being, and will be adversely affected by Defendant's violations of the CWA. The relief sought in this lawsuit can redress the injuries to these interests.

9. Plaintiff has organizational standing to bring this action. Plaintiff has been actively engaged in a variety of educational and advocacy efforts to improve water quality and to

address sources of water quality degradation in the waters of Washington, including Puget Sound and its tributaries. Defendant has failed to fulfill monitoring, recordkeeping, reporting and planning requirements, among others, necessary for compliance with its NPDES permit and the CWA. As a result, Plaintiff is deprived of information necessary to properly serve its members by providing information and taking appropriate action, and Plaintiff's efforts to educate and advocate for greater environmental protection for the benefit of its members are obstructed. Plaintiff and the public are deprived of information that influences members of the public to become members of Plaintiff's organizations, thereby reducing Plaintiff's membership numbers. Thus, Plaintiff's organizational interests have been adversely affected by Defendant's violations. These injuries are fairly traceable to Defendant's violations and redressable by the Court.

10. Defendant is a corporation authorized to conduct business under the laws of the State of Washington.

11. Defendant owns and operates a facility that conducts activity including manufacturing sausages and other prepared meats located at or about 7622 S. 188th St., Kent, Washington, 98032.

### IV.   LEGAL BACKGROUND

12. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA. Section 301(a) prohibits, <u>inter alia</u>, such discharges not authorized by, or in violation of, the terms of a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

13. The State of Washington has established a federally approved state NPDES permit program administered by Ecology. Wash. Rev. Code § 90.48.260; Wash. Admin. Code

ch. 173-220.  This program was approved by the Administrator of the USEPA pursuant to 33 U.S.C. § 1342(b).

14. Pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, Ecology has repeatedly issued NPDES permits including Industrial Stormwater General Permits. The Industrial Stormwater General Permit, in its various iterations since its first issuance in 1993 containing comparable requirements, authorizes those that obtain coverage under the General Permit to discharge stormwater associated with industrial activity, a pollutant under the CWA, and other pollutants contained in the stormwater to the waters of the State subject to certain terms and conditions. The prior permit was issued by Ecology on October 21, 2009, effective January 1, 2010, modified May 16, 2012, effective July 1, 2012, and expired January 1, 2015; the current iteration was issued on December 3, 2014, effective January 2, 2015 (the "General Permit").

15. The General Permit imposes certain terms and conditions on those covered thereby, including monitoring and sampling of discharges, reporting and recordkeeping requirements, as well as restrictions on the quality of stormwater discharges.  To reduce and eliminate pollutant concentrations in stormwater discharges, the General Permit requires, among other things, that permittees develop and implement best management practices ("BMPs") and a Stormwater Pollution Prevention Plan ("SWPPP"), and apply all known and reasonable methods of prevention, control, and treatment ("AKART") to discharges. When a Permittee's stormwater discharge exceeds benchmark values for concentrations of certain pollutants (and action levels for concentrations of certain pollutants in a previous version of the General Permit), the General Permit requires the Permittee to complete the applicable Level 1, 2, or 3 corrective action requirements.  The specific terms and conditions of the General Permit are described in detail in the Notice Letter, attached hereto as Exhibit 1 and incorporated herein by this reference.

COMPLAINT - 5

## V.   FACTS

**The Affected Community & Environment**

16. Waters within the Mill Creek (also known as Springbrook Creek) basin, the Black River (downstream of and also known as Springbrook Creek) and the Duwamish River (downstream of the Mill Creek), are listed on Ecology's 303(d) list of impaired waterbodies for several pollutant parameters, including zinc, bacteria and dissolved oxygen.

17. Waters within the Puget Sound watershed, particularly Mill Creek, Black Creek and the Duwamish River, do not support their designated uses because of increased fecal coliform densities, increased temperatures, low dissolved oxygen levels, and/or pH levels.

18. The vicinity of the Facility, Mill Creek, the Black River, and the Duwamish River, are used by the citizens of Washington and visitors, as well as at least one of Plaintiff's members, for recreational activities, including boating, biking, fishing and nature watching. Plaintiff's member(s) also derive(s) aesthetic benefits from the receiving waters. Plaintiff and its members' enjoyment of these activities and waters is diminished by the polluted state of the receiving waters, shorelines, and the nearby areas, and by Defendant's contributions to such polluted state.

**Facility**

19. Pursuant to condition S2 of the General Permit, Defendant filed with Ecology an Application for General Permit to Discharge Stormwater Associated with Industrial Activity. Defendant obtained coverage under the General Permit for Defendant's Facility under Permit Number WAR005574 since before the 2009 calendar year.

20. Defendant's Facility is engaged in industrial activity, including meat processing, manufacturing sausages and other prepared meat products and discharges stormwater associated

with industrial activity and other pollutants to the City of Kent storm sewer system along S. 188th Street and to a ditch to the West of the facility, each of which drain into Mill Creek.

21. Defendant discharges stormwater from the Facility in excess of the General Permit benchmarks each day during which there is 0.1 inch or greater precipitation, including the days on which it collected samples identified in Table 1:

**Table 1**

| Quarter in which Sample Collected | Turbidity Concentration (Benchmark 25 NTU) | Zinc (Benchmark 117 ug/L) | Copper (Benchmark 14 ug/L) |
|---|---|---|---|
| Quarter 4, 2015 |  | 510 ug/L |  |
| Quarter 4, 2017 | 36 NTU, 35 NTU |  |  |
| Quarter 2 2018 | 28.3 NTU | 374 ug/L | 43.5 NTU |

22. The General Permit requires Defendant's monitoring to be representative of discharges from the facility.

23. Defendant has violated effluent limitations and standards under 33 U.S.C. 1365(a)(1) and (f), and Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342, by discharging pollutants from its Facility in violation of the General Permit. In particular and among the other violations described in the Notice Letter attached as Exhibit 1, Defendant has violated the General Permit by failing to monitor discharges, implement BMPs to control stormwater quality, to timely complete adaptive management responses required by the General Permit, and to timely submit complete and accurate reports. Defendant has caused or contributed to violations of water quality standards for zinc, turbidity, and copper in the Mill Creek drainage basin, including every day Defendant discharged pollutant concentrations in excess of the General Permit benchmarks.

COMPLAINT - 7

24. Defendant failed to timely provide a copy of, or access to, its SWPPP pursuant to Plaintiff's request in the Notice Letter and General Permit condition S9.F which requires that defendant provide a copy of the SWPPP to the requestor within 14 or 10 days, respectively. Plaintiff requested the SWPPP on November 2, 2018. Defendant provided a SWPPP dated December 28, 2018, for review on December 28, 2018, attached herein as Exhibit 2. This requirement and violation is described in section IX of the Notice Letter, attached hereto as Exhibit 1 and incorporated herein by this reference.

25. Defendant's exceedances of the benchmark values indicate that Defendant is failing to apply AKART to its discharges and/or is failing to implement an adequate SWPPP and BMPs as required by the General Permit. Upon information and belief, Defendant violated the General Permit by failure to: develop, modify, and/or implement BMPs and a SWPPP in accordance with the requirements of the General Permit as required by General Permit condition S3.A.1; apply AKART to discharges from the facility; update the SWPPP; and include in its SWPPP:

> 25.1. Specification of BMPs necessary to provide AKART and ensure that discharges do not cause or contribute to violations of water quality standards, as required by General Permit condition S3.A.2;
>
> 25.2. adequately described BMPs as required by General Permit condition S3.B.4, BMPs consistent with approved stormwater technical manuals and BMPs demonstratively equivalent to such BMPs with documentation of BMP adequacy as required by General Permit condition S3.A.3;
>
> 25.3. a site map that identifies significant features, the stormwater drainage and discharge structures; the stormwater drainage areas for each stormwater discharge point off-site, a unique identifying number for each discharge point, each sampling location with a unique identifying number, paved areas and buildings,

COMPLAINT - 8

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

areas of pollutant contact associated with specific industrial activities, conditionally approved non-stormwater discharges, surface water locations, vehicle maintenance areas, and lands and waters adjacent to the site that may be helpful in identifying discharge points or drainage routes as required by General Permit condition S3.B.1;

25.4.   an inventory of industrial activities that identifies all areas associated with industrial activities that have been or may potentially be sources of pollutants as required, including the high-use parking lot, identification of all areas associated with loading and unloading of dry bulk materials or liquids, outdoor storage of materials or products, outdoor manufacturing and processing, onsite dust or particulate generating processes, on-site waste treatment, storage, or disposal, vehicle and equipment fueling, maintenance, and/or cleaning, roofs or other surfaces exposed to air emissions from a manufacturing building or a process area, and roofs or other surfaces composed of materials that may be mobilized by stormwater such as galvanized roofs or fences as required by General Permit condition S3.B.2.b;

25.5.   an adequate inventory of materials that lists the types of materials handled at the site that potentially may be exposed to precipitation or runoff and that could result in stormwater pollution, a short narrative for material describing the potential for the pollutants to be present in stormwater discharge that is updated when data becomes available to verify the presence or absence of the pollutants, a narrative description of any potential sources of pollutants from past activities, materials and spills that were previously handled, treated, stored, or disposed of in a manner to allow ongoing exposure to stormwater including materials stored uncovered at the northwest corner of the facility and between the buildings at the facility, food materials handled on site, and chemical materials handled on site; the method and location of on-site storage or disposal of such materials and a list

COMPLAINT - 9

of significant spills and significant leaks of toxic or hazardous pollutants as required by General Permit condition S3.B.2.c;

25.6. and implement operational source control BMPs in the following categories: a site plan showing the areas leading to storm drains, and a spill prevention and emergency cleanup plan that the name of the designated person with overall spill cleanup and notification responsibility); inspections and recordkeeping (including provision of a tracking or follow-up procedure to ensure that a report is prepared and appropriate action taken in response to visual monitoring) as required by General Permit condition S3.B.4.b.i and approved stormwater technical manual the Stormwater Management Manual for Western Washington, issued in 2012 and modified in 2014;

25.7. and implement structural source control BMPs to minimize the exposure of manufacturing, processing, and material storage areas to rain, snow, snowmelt, and runoff and painting galvanized surfaces, and curbing, sloping, or berming loading areas as required by General Permit condition S3.B.4.b.ii and approved stormwater technical manual the Stormwater Management Manual for Western Washington, issued in 2012 and modified in 2014;

25.8. a stormwater sampling plan that: specifies procedures for sending samples to the a laboratory and identifies preservatives, as required by General Permit condition S3.B.5.

26. The above requirements and Defendant's violations thereof are described in detail in sections I and II of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and are incorporated herein by this reference.

27. Defendant has violated the monitoring requirements of the General Permit. The monitoring requirements and Defendant's violations thereof are described in section III of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and are incorporated herein by this reference, and

COMPLAINT - 10

include but are not limited to: failure to collect quarterly samples at each distinct point of discharge offsite each and every quarter during the last five years in which it was required to sample stormwater discharges, including quarters when Defendant collected stormwater discharge samples from some but not each point of discharge; failure to collect stormwater samples from any discharge point for Quarter 2, 2014; Quarter 2, 2016; Quarter 4, 2016; Quarter 2, 2017; and Quarter 1, 2018; failure to analyze stormwater samples for f. coli as required by General Permit condition S6.C and Table 6 in the following quarters: Quarter 4, 3013, Quarter 1, 2014, Quarter 2, 2014, Quarter 3, 2014, Quarter 4, 2014, Quarter 1, 2015, Quarter 4, 2015, Quarter 1, 2016, Quarter 1, 2017, Quarter 4, 2017, Quarter 2, 2018; failing to analyze stormwater samples for turbidity, pH, copper, zinc, biochemical oxygen demand, nitrogen, phosphorus, and fecal coliform in Quarter 2, 2014 as required by General Permit conditions S5.A.1, S5.B, Table 3, S6.C.1, and Table 6. These monitoring requirements and violations are described in Section III of the Notice Letter, attached hereto as <u>Exhibit 1</u>, and are incorporated herein by this reference.

28.  Defendant has failed to analyze stormwater samples for copper and zinc using the approved analytical method EPA 200.8 in Quarter 4, 2013; Quarter 1, 2014; Quarter 2, 2014; Quarter 3, 2014; Quarter 4, 2014; Quarter 1, 2015; Quarter 4, 2015; Quarter 1, 2016; Quarter 4, 2017; and Quarter 2, 2018, in violation of General Permit condition S4.B.4.h.

29.  Defendant's stormwater runoff discharges into a segment of Mill Creek that is listed as impaired for zinc, bacteria and dissolved oxygen under § 303(d) of the CWA. This segment has been § 303(d) listed for these parameters since before the current permit cycle, imposing a zinc limit of 86.3 ug/L. General Permit Condition S6.C.  Defendant has discharged zinc in excess of the zinc numeric effluent limitation on December 22, 2015 in Quarter 4, 2015 (510 ug/L), and June 8, 2018 in Quarter 2, 2018 (374 ug/L).

COMPLAINT - 11

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

30.     Defendant has failed to comply with the reporting requirements to Ecology by failing to submit discharge monitoring reports ("DMRs") within the time prescribed by Ecology and electronically as required by Ecology. Defendant has also reported incorrect units and values for zinc and copper in violation of General Permit conditions on DMRs for Quarter 4, 2013; Quarter 1, 2014; Quarter 3, 2014; Quarter 4, 2014; Quarter 1, 2015; Quarter 4, 2015 (copper only in this quarter); Quarter 1, 2016; and Quarter 1, 2017. These violations are detailed in section III.C. of the Notice Letter incorporated herein as Exhibit 1.

31.     Defendant has not conducted and/or documented inspections as required by the General Permit. These inspection requirements and violations are described in detail in section III.D of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

32.     Defendant has not conducted and/or completed the corrective action responses as required by the General Permit for exceedances of zinc, turbidity, and copper for each exceedance since September 1, 2013 including but not limited to Quarter 4, 2015; Quarter 4, 2017; and Quarter 2, 2018. These requirements of the General Permit and Defendant's violations thereof are described in section IV of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

33.     Defendant has violated General Permit condition S9.B, which requires Defendant to submit an accurate and complete annual report to Ecology no later than May 15th of each year that includes specific information. Defendant has violated these requirements. For example, Defendant violated this condition by failing to submit timely annual reports for calendar years 2016 and 2017. Additionally, Defendant failed to include all of the required information in the annual reports it submitted for the 2013, 2014, 2015, 2016, and 2017 calendar years including

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

identifying conditions triggering the need for corrective action review, such as benchmark exceedances for zinc and copper; summarizing any level 1, 2, or 3 corrective actions completed and the dates completed; stormwater problems and the dates they were discovered; and corrective action documentation. The annual report for calendar year 2017 does not include the required information; the report does not describe all of the stormwater problems identified, such as those discussed in the September 2012 inspection report by Ecology and the turbidity benchmark exceedances in Quarter 4 2017; there is no description of additional operational, structural source control or treatment BMPs King's Command implemented or plans to implement as part of its level 1, 2 or 3 corrective actions.

34. Upon information and belief, Defendant has failed to comply with recording and record keeping requirements of the General Permit.  These requirements and Defendant's violations thereof are described in section VI of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

35. Defendant has violated the reporting requirements of the General Permit to take certain actions in the event Defendant is unable to comply with any terms and conditions of the Permits which may endanger human health or the environment, or exceed any numeric effluent limitation in the permit, as required by General Permit condition S9.E including each and every time Defendant failed to comply with the BMP and sampling requirements for a facility discharging to a waterway impaired (§ 303(d)) for bacteria; each and every time Defendant failed to comply with the corrective action requirements described above and in section IV of the Notice Letter attached as Exhibit A; and each and every time Defendant discharged stormwater with concentrations of pollutants in excess of the General Permit benchmarks.

COMPLAINT - 13

36. Discharges from Defendant's Facility, including discharges of zinc, turbidity, and copper, may endanger human health or then environment and contribute to the ecological impacts that result from the polluted state of Mill Creek, the Black River, and the Duwamish River, and to Plaintiff's and its members' injuries resulting therefrom.

37. Defendant has benefited economically as a consequence of its violations and its failure to implement stormwater management improvements at the Facility.

38. Defendant's violations of the CWA at the Facility degrade the environment and the water quality of the receiving water bodies.

39. Defendant's violations at the Facility were avoidable had Defendant been diligent in overseeing facility operations and maintenance.

40. Defendant has a history of significant violations at the Facility, similar to those alleged herein.

41. A significant penalty should be imposed against Defendant pursuant to the penalty factors set forth in 33 U.S.C. § 1319(d).

42. Defendant is a profitable business enterprise. Defendant can afford to pay a significant penalty and such penalty is required to meet the deterrence goals of the Clean Water Act's penalty factors and to disgorge Defendant of the economic advantage it has received through its avoidance of expenditures necessary for compliance, including but not limited to laboratory costs, costs for implementation of best management practices, and operational costs for maintenance of best management practices.

## V.   CAUSE OF ACTION

43. The preceding paragraphs and the allegations in the Notice Letter are incorporated herein.

44. Defendant has violated the General Permit.

45. Defendant's violations of the General Permit described herein and in the Notice Letter constitute violations of sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342, and violations of "effluent standard(s) or limitation(s)" as defined by section 505, 33 U.S.C. § 1365.

46. On information and belief, the violations committed by Defendant are ongoing or are reasonably likely to continue to occur. Any and all additional violations of the General Permit and the CWA which occur after those described in Plaintiff's Notice Letter but before a final decision in this action should be considered continuing violations subject to this Complaint.

47. Without the imposition of appropriate civil penalties and the issuance of an injunction, Defendant is likely to continue to violate the General Permit and the CWA to the further injury of Plaintiffs, its member(s), and others.

48. A copy of this Complaint is being served upon the Attorney General of the United States and the Administrator of the USEPA as required by 33 U.S.C. § 1365(c)(3).

## VI.   RELIEF REQUESTED

Wherefore, Plaintiff respectfully request that this Court grant the following relief:

A. Issue a declaratory judgment that Defendant has violated and continues to be in violation of the General Permit, and Sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342;

B. Enjoin Defendant from operating the Facility in a manner that results in further violations of the General Permit, and the CWA;

C. Order Defendant to immediately implement a plan for achieving compliance with the CWA at the Facility, and to provide Plaintiff with a copy of the plan;

D. Order Defendant to allow Plaintiff to participate in the development and implementation of Defendant's plan to achieve compliance with the CWA;

E. Order Defendant to provide Plaintiff, for a period beginning on the date of the Court's Order and running for three years after Defendant achieves compliance with all of the conditions of the General Permit, with copies of all reports and other documents which Defendant submits to the USEPA or to Ecology regarding Defendant's coverage under the General Permit at the Facility at the time it is submitted to these authorities;

F. Order Defendant to take specific actions to remediate the environmental harm caused by its violations;

G. Order Defendant to pay civil penalties of $37,500.00 per day of violation for each violation committed by Defendant through November 2, 2015, $53,484 per day thereafter, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19;

H. Award Plaintiff its litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d), and any other applicable authorization; and

I. Award such other relief as this Court deems appropriate.

COMPLAINT - 16

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

RESPECTFULLY SUBMITTED this 7th day of January, 2019.

      Smith & Lowney, pllc
By:  */s/ Richard A. Smith*
    Richard A. Smith WSBA No. 21788
By:  */s/ Katherine E. Brennan*
    Katherine E. Brennan, WSBA No. 51247
Attorneys for Plaintiff
2317 E. John St.
Seattle, WA 98112
Tel: (206) 860-2883
Fax: (206) 860-4187
E-mail: richard@smithandlowney.com, katherine@smithandlowney.com